**Jan H. KEMP**

v.

**COMMISSIONER OF INTERNAL REVENUE.**

**No. 1:90–cv–1202 RCF.**

United States District Court,
N.D. Georgia,
Atlanta Division.

June 6, 1991.

ble to QRM.

Robert Fierrer, Atlanta, Ga., for plaintiff.

Amy Kaminshine, Asst. U.S. Atty., Atlanta, Ga., for defendant.

## ORDER

RICHARD C. FREEMAN, District Judge.

This action is before the court on defendant's motion for summary judgment and plaintiff's cross-motion for summary judgment.

*Background*

At issue in the case is whether plaintiff's receipt of punitive damages from settlement of a 42 U.S.C. § 1983 action comprises gross income under I.R.C. § 104(a)(2) (1986). Count I of the complaint seeks a refund of $68,516.00 and statutory interest for 1986 taxes wrongfully paid. In its order of October 29, 1990, the court dismissed Count II of the complaint for lack of subject matter jurisdiction. Count III of the complaint requests attorney's fees.

*Summary Judgment Standard*

Under Fed.R.Civ.P. 56 the court should grant a motion for summary judgment where "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." The Supreme Court has clarified the standard for granting summary judgment. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The movant carries his burden by showing the court that there is "an absence of evidence to support the nonmoving party's case." *Celotex,* 477 U.S. at 325, 106 S.Ct. at 2554. The nonmovant, however, bears the burden of sufficiently establishing the existence of each element essential to his case on which he will bear the burden of proof at trial. *Id.* at 322, 106 S.Ct. at 2553. "The mere existence of a scintilla of evidence" supporting the nonmovant's case is insufficient to defeat a motion for summary judgment. *Anderson,* 477 U.S. at 252, 106 S.Ct. at 2512. The court, resolving all reasonable doubts in favor of the nonmovant, must determine "whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." *Id.*

*Discussion*

It is apparent from the parties' briefs that there are no genuine issues as to material facts in this action. Rather, the parties dispute whether punitive damages recovered in a section 1983 action are excludable from gross income as a matter of law. After carefully reviewing defendant's motion and plaintiff's cross-motion, the court finds that plaintiff's punitive damage award is not excludable from her gross income.

Section 61(a) of the Internal Revenue Code provides that "[e]xcept as otherwise provided in this subtitle, gross income means all income from whatever source derived...." Plaintiff contends that the pertinent exclusion in this action is found in I.R.C. § 104(a)(2), which provides in relevant part that "gross income does not include ... the amount of any damages received (whether by suit or agreement ...) on account of personal injuries...." [1]

As early as 1955, the Supreme Court held that punitive damages awarded for violation of the antitrust laws constituted taxable income. *Comm'r of Internal Revenue v. Glenshaw Glass Co.,* 348 U.S. 426, 431, 75 S.Ct. 473, 477, 99 L.Ed. 483 (1955). The Court explained, "[h]ere we have instances of undeniable accessions to wealth, clearly realized, and over which the taxpayers have complete dominion. The mere fact that the payments were extracted from the wrongdoers as punishment for unlawful conduct cannot detract from their character as taxable income to the recipients." *Id.* The Court noted further that

> [t]he long history of departmental rulings holding personal injury recoveries nontaxable on the theory that they

1. In 1989, Congress amended section 104(a)(2) to provide that it "shall not apply to any punitive damages in connection with a case not involving physical injury or physical sickness." Both parties agree that the amendment does not apply to the instant case.

roughly correspond to a return of capital cannot support exemption of punitive damages following injury to property.... Damages for personal injury are by definition compensatory only. Punitive damages, on the other hand cannot be considered a restoration of capital for taxation purposes.

*Id.* at n. 8.

Plaintiff contends that "[d]amages awarded in an action commenced under 42 U.S.C. § 1983 ... have been held to derive from a violation of a tort type right. Because of the personal nature of such an injury and as [p]laintiff's award was 'on account' of that specific injury, the damage award falls within the ambit of Section 104(a)(2)." Plaintiff's Brief in Support, at 8. Although the court agrees that plaintiff's damages derived from violation of a tortious injury, punitive damages are not awarded "on account of" such personal injury within the meaning of section 104(a)(2). The Supreme Court has recognized that punitive damages in a section 1983 action "are awarded in the jury's discretion 'to punish [the defendant] for his outrageous conduct and to deter him and others like him from similar conduct in the future.'" *Smith v. Wade,* 461 U.S. 30, 54, 103 S.Ct. 1625, 1639, 75 L.Ed.2d 632 (1983) (quoting Restatement (Second) of Torts § 908(1) (1979)). Thus, punitive damages are awarded when the "tortfeasor's conduct ... calls for deterrence and punishment over and above that provided by compensatory awards." *Id.*

Punitive damages awarded under section 1983 clearly serve no "compensatory" purpose. The court therefore agrees with the Fourth Circuit's recent decision in *Comm'r of Internal Revenue v. Miller,* 914 F.2d 586, 591 (4th Cir.1990). The court in *Miller* held that the portion of the plaintiff's settlement that represented punitive damages was "a 'windfall,' ... being 'over and above any award of compensatory damages,' ... and, therefore, f[e]ll beyond § 104(a)(2)'s reach." *Id.*[2] Punitive dam-

ages therefore constitute gross income pursuant to I.R.C. § 61(a).

Accordingly, defendant's motion for summary judgment is GRANTED. Plaintiff's cross-motion for summary judgment is DENIED. The Clerk is DIRECTED to enter judgment in favor of defendant.

---

**2.** The court finds *Rickel v. Comm'r of Internal Revenue,* 900 F.2d 655, 657–664 (3rd Cir.1990) distinguishable. The limited holding in *Rickel* is that section 104(a)(2)'s use of "personal inju-

ries" includes both physical and nonphysical injuries. The court expressly noted that it was not considering the question of excludability of punitive damages. *Id.* at 666, n. 18.