**ESTATE OF Ray L. WESSON, Deceased, E. Hall, Administrator, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 1:93–CV–62RR.**

United States District Court, S.D. Mississippi, S.D.

Feb. 8, 1994.

Clyde H. Gunn, Biloxi, MS, Frank J. Hammond, III, Jackson, MS, for plaintiff.

William D. Holmes, Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for defendant.

## MEMORANDUM ORDER

DAN M. RUSSELL, Jr., District Judge.

This matter is before the Court on Plaintiff's Motion for Summary Judgment and Defendant's Cross–Motion for Summary Judgment. The sole issue presented for resolution is whether punitive damages received in a bad-faith action should be excludable from taxable gross income under 26 U.S.C. secs. 61 & 104(a)(2).

### Background

The relevant facts are undisputed. In 1982, beneficiaries of a life insurance policy filed a bad-faith action in the Jackson County Circuit Court of Pascagoula, Mississippi, against Mutual Life Insurance Company of New York ("MONY"). A jury awarded the beneficiaries $8 million in punitive damages. On appeal, the Mississippi Supreme Court reduced the award to $1.5 million. *See Mutual Life Ins. Co. of N.Y. v. Estate of Ray L. Wesson*, 517 So.2d 521 (Miss.1987).

The beneficiaries subsequently filed a federal fiduciary income-tax return for the taxable year of 1988. They reported an income of $1,073,086, which represents the net punitive damages recovered from MONY in the 1982 bad-faith action, and paid $300,465 in income taxes.[1] In 1990, the beneficiaries requested a refund of the $300,465—contending that the punitive damages should not have been subject to taxation. The Internal Revenue Service denied the request.

In 1993, the beneficiaries filed this action "for the recovery of Internal Revenue taxes and interest, erroneously and illegally assessed or collected." *See* Beneficiaries' Exh. A (photocopy of Complaint). This Court has jurisdiction under 28 U.S.C. sec. 1346(a)(1).

### Law

Summary judgment is appropriate when the movant can demonstrate that no genuine issue of material fact exists. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); Fed.R.Civ.P. 56(c). As noted, this case involves no disputed issues of fact—only one of law.

Section 61(a) of the Internal Revenue Code broadly defines "gross income" as "all income from whatever source derived"—subject only to the exclusions specifically enumerated elsewhere in the Code. *United States v. Burke,* —— U.S. ——, ——, 112 S.Ct. 1867, 1870, 119 L.Ed.2d 34 (1992). Through section 61(a) and its precursors, Congress intended to exert "the full measure of its taxing power" and to include within the definition of gross income any "accessio[n] to wealth." *Id.* (quoting *Helvering v. Clifford,* 309 U.S. 331, 334, 60 S.Ct. 554, 556, 84 L.Ed. 788 (1940), and *Commissioner v. Glenshaw Glass Co.,* 348 U.S. 426, 431, 75 S.Ct. 473, 477, 99 L.Ed. 483 (1955)); *see O'Gilvie v. United States,* No. 90–1075–B, 1992 WL 123806, at *1 (D.Kan. May 26, 1992) ("All accessions to wealth are presumed to be gross income unless the taxpayer can show that the accession falls within a *specific* exclusion under the Code.") (citing case law).

"Gross income"—according to section 104(a)(2)—does not include "the amount of any damages received (whether by suit or agreement and whether as lump sums or periodic payments) on account of personal injuries[2] or sickness." *See Threlkeld v. Commissioner,* 87 T.C. 1294, 1305, 1986 WL 22061 (1986), *aff'd,* 848 F.2d 81 (6th Cir.1988). "The term 'damages received (whether by suit or agreement)' means an amount received ... through prosecution of a legal suit or action based upon tort or tort type rights, or through a settlement agreement entered into in lieu of such prosecution." 25 Fed. Reg. 11490 (1960).

---

1. The beneficiaries did not report as income the actual damages recovered ($87,136). The IRS notes in its Memorandum Brief that it did not, and does not, seek "to subject these damages to taxation." *See* IRS Brief at 6. Thus, this sum is not the subject of this case.

2. "Personal injuries" includes both physical and nonphysical injuries. *See, e.g., Rickel v. Commissioner,* 900 F.2d 655, 658 (3rd Cir.1990) (noting that "it is judicially well-established that the meaning of 'personal injuries' ... in this context encompasses both nonphysical as well as physical injuries").

Whether the exception contained in section 104(a)(2) encompasses an award of punitive damages is an issue which the IRS believes should be resolved in the negative. *See generally* Memorandum of Law in Support of Defendant's Cross–Motion for Summary Judgment at 7–20; *see, e.g.,* Rev.Rul. 84–108, 1984–2 C.B. 32 (taxpayer is obliged to include in gross income payments received for release from liability under wrongful-death act which provides exclusively for payment of punitive damages).

A consensus on this issue within the federal judiciary is nonexistent. For example, in *Miller v. Commissioner,* 93 T.C. 330, 1989 WL 104238 (1989), the Tax Court opined that the "plain meaning of the broad statutory language" of section 104(a)(2) "simply does not permit a distinction between punitive and compensatory damages" awarded in personal-injury actions. Therefore, the Court concluded, both punitive and compensatory damages fall within the exclusion provision of section 104(a)(2). *Id.* at 338, 1989 WL 104238.[3] Two judges dissented. *Id.* at 345–52, 1989 WL 104238.

On appeal, the Fourth Circuit rejected the Tax Court's conclusion and held that section 104(a)(2) does not exclude punitive damages from gross income because, in short, they are not awarded "on account of" personal injuries. *Commissioner v. Miller,* 914 F.2d 586, 589–91 (4th Cir.1990) (construing Maryland law). The Fourth Circuit explained that punitive damages are awarded "on account of" the defendant's egregious conduct which accompanied the infliction of personal injuries and act as "a punishment for and deterrent to [such] wrongdoing than a means of recompensing the victim." *Id.*

The Fourth Circuit is not alone in its "narrow" view that punitive damages are not excludable from gross income under section 104(a)(2). *See, e.g., Reese v. United States,* 28 Fed.Cl. 702, 708 (1993) ("[T]here are three independent reasons for interpreting Section 104(a)(2) as not excluding noncompensatory punitive damages from the scope of 'gross income' . . ."), *cited with approval in Bennett v. United States,* 30 Fed.Cl. 396, 401 (Cl.Ct. 1994); *Rice v. United States,* 834 F.Supp. 1241, 1246 (E.D.Cal.1993) ("punitive damages are . . . taxable income"); *Horton v. Commissioner,* 100 T.C. 93, 1993 WL 28557 (Feb. 9, 1993) ("[T]he amount awarded to petitioners as punitive damages does not constitute an amount received 'on account of personal injuries or sickness' within the meaning of section 104(a)(2).") (Whalen, J., dissenting); *Kemp v. Commissioner,* 771 F.Supp. 357, 359 (N.D.Ga.1991) ("Punitive damages . . . 'f[a]ll beyond sec. 104(a)(2)'s reach' [and] therefore constitute gross income pursuant to I.R.C. sec. 61(a).") (quoting *Miller,* 914 F.2d at 591).

The Fourth Circuit's analysis of this issue is persuasive and consistent with the general rule that exceptions to section 61 should be narrowly construed:

> The income taxed is described in sweeping terms and should be broadly construed in accordance with an obvious purpose to tax income comprehensively. The exemptions, on the other hand, are specifically stated and should be construed **with restraint** in the light of the same policy.

*Commissioner v. Jacobson,* 336 U.S. 28, 69 S.Ct. 358, 369, 93 L.Ed. 477 (1949); *see O'Gilvie v. United States,* No. 90–1075–B, 1992 WL 123806, at *4 (D.Kan. May 26, 1992) ("It is a cardinal principle of taxation that exclusions to income are to be narrowly construed.") (citing case law); *United States v. Burke,* —— U.S. ——, ——, 112 S.Ct. 1867, 1878, 119 L.Ed.2d 34 (1992) ("exclusions from income must be narrowly construed") (citing case law) (Souter, J., concurring); *see also Roemer v. Commissioner,* 716 F.2d 693, 700 (9th Cir.1983) (characterizing as "liberal" the same interpretation of section 104(a)(2) adopted by the beneficiaries in the case *sub judice*). Moreover,

> an interpretation of Section 104(a)(2) that renders noncompensatory punitive damages subject to taxation is consistent with the title of Section 104 and the other provisions in Section 104(a). Section 104 is

---

**3.** *See also Horton v. Commissioner,* 100 T.C. 93, 1993 WL 28557 (Feb. 9, 1993) (where the Tax Court reaffirmed, though not unanimously, its decision in *Miller* and held "that petitioners are entitled to exclude their punitive damages from gross income under section 104(a)(2)").

**1122**

entitled **"Compensation** for injuries or sickness" ..., and there is no suggestion therein that Congress intended Section 104 to affect the taxation of payments that are not **compensatory** of the injuries or sickness suffered.[4]

*Reese*, 28 Fed.Cl. at 707 (emphasis in original).

■ Under Mississippi bad-faith law, punitive damages are awarded **not** to recompense for loss due to a personal injury;[5] rather, they are awarded to punish and deter—"to make an example of the defendant" for a willful, reckless, or grossly negligent breach of insurance contract.[6] *Andrew Jackson Life Ins. Co. v. Williams*, 566 So.2d 1172, 1189–91 (Miss.1990) ("The possibility of being held liable for punitive damages acts primarily to punish and deter."); *accord Estate of Ray L. Wesson*, 517 So.2d at 532 ("[T]he Court set out general factors to be considered in awarding punitive damages: ... (1) Such amount as is necessary for the punishment of the wrongdoing of the defendant and deterring defendant from similar conduct in the future, (2) Such amount as is reasonably necessary to make an example of the defendant ..., and (3) The pecuniary ability or financial worth of the defendant.") (citations omitted); *Reserve Life Ins. Co. v. McGee*, 444 So.2d 803, 808 (Miss.1984) ("If an insur[er] ... could not be subjected to punitive damages it could intentionally and unreasonably refuse payment of a legitimate claim with veritable impunity.") (quoting case law); *Snowden v. Osborne*, 269 So.2d 858, 860

(Miss.1972) ("[Punitive damages serve] as punishment for the wrongdoing ... and as an example so that others may be deterred from the commission of similar offenses thereby in theory protecting the public.") (citing cases); *see also Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 350, 94 S.Ct. 2997, 3012, 41 L.Ed.2d 789 (1974) (defamation action in which the Supreme Court explained that "punitive damages ... are not compensation for injury. Instead, they are private fines levied by civil juries to punish reprehensible conduct and to deter its future occurrence"); *Restatement (Second) of Torts* sec. 908 (1979) (defining punitive damages as "damages, other than compensatory or nominal damages, awarded against a person to punish him for his outrageous conduct").

Thus, in Mississippi, a punitive-damages award may be aptly characterized as a "windfall." Other courts have made similar characterizations. *See, e.g., Miller*, 914 F.2d at 589 ("[P]unitive damages, as the name connotes, are rather a punishment for and deterrent to wrongdoing than a means of recompensating the victim. To the victim they are a windfall not necessarily related to the injury he has suffered.") (construing Maryland law); *Reese*, 28 Fed.Cl. at 705 (agreeing with the Fourth Circuit's conclusion that a punitive-damages award constitutes a taxable "windfall"); *O'Gilvie*, No. 90–1075–B, 1992 WL 123806, at *4 (agreeing with the Fourth Circuit's conclusion that a punitive-damage award "is more properly characterized as a windfall"); *Kemp*, 771 F.Supp. at 359 ("The

---

**4.** Indeed, in 1989, Congress amended section 104(a) to prospectively provide that "Paragraph (2) shall not apply to any punitive damages in connection with a case not involving physical injury or physical sickness." *See* Omnibus Budget Reconciliation Act of 1989, Pub.L. No. 101–239, sec. 7641, 103 Stat. 2106, 2379 (1989).

**5.** *See Commissioner v. Miller*, 914 F.2d 586, 589 (4th Cir.1990) ("To determine whether [an] award may be excluded pursuant to sec. 104(a)(2), 'the nature of the cause of action and the injury to be remedied must be identified.' That inquiry requires consideration of [state] law."); *Roemer v. Commissioner*, 716 F.2d 693, 697 (9th Cir.1983) ("we must look to state law to analyze the nature of the claim litigated"); *Reese*, 28 Fed.Cl. at 704 (construing state law to determine nature of punitive damages); *O'Gilvie*, No. 90–1075–B, 1992 WL 123806, at *1 ("look to

state law that creates plaintiff's entitlement to relief") (citing case law).

**6.** This Court recognizes that the Mississippi Supreme Court has described an act of bad faith as "tortious." *See Andrew Jackson Life Ins. Co.*, 566 So.2d at 1187. However, the word "tortious" in this context is a misnomer since punitive damages are not awarded, under Mississippi law, to recompense a plaintiff for any personal injury. As noted in the text, such damages are awarded to punish and deter a willful, reckless, or grossly negligent breach of insurance contract. *Id.* at 1188 (discussing case law); *Reserve Life Ins. Co. v. McGee*, 444 So.2d 803, 808 (Miss.1984) ("If an insur[er] ... could not be subjected to punitive damages it could intentionally and unreasonably refuse payment of a legitimate claim with veritable impunity.") (quoting case law).

court ... agrees with the Fourth Circuit's recent decision ... that the portion of the plaintiff's settlement that represented punitive damages was a 'windfall.'"); *see also Commissioner v. Glenshaw Glass Co.*, 348 U.S. 426, 431, 75 S.Ct. 473, 477, 99 L.Ed. 483 (1955) (In this antitrust action, the Supreme Court described a punitive-damages award as an "undeniable accession[ ] to wealth, clearly realized, and over which the taxpayers have complete dominion. The mere fact that the payments were extracted from wrongdoers as punishment for unlawful conduct cannot detract from their character as taxable income to the recipients."); *Starrels v. Commissioner*, 304 F.2d 574, 576 (9th Cir.1962) (" 'The long history of [IRS] rulings holding personal injury recoveries nontaxable on the theory that they roughly correspond to a return of capital cannot support exemption of punitive damages.... Damages for personal injury are by definition compensatory only. Punitive damages, on the other hand, cannot be considered a restoration of capital for taxation purposes.' ") (quoting *Glenshaw Glass Co.*, 348 U.S. at 432 n. 8, 75 S.Ct. at 477 n. 8); *Rice*, 834 F.Supp. at 1246 ("it was well-settled that punitive damages were taxable income because they represented an accession to wealth rather than restoration of capital"); *Miller*, 93 T.C. at 345, 1989 WL 104238 ("[T]he amount paid to satisfy petitioner's claims for punitive damages was paid 'on account' of the tortfeasor's culpable conduct, not petitioner's personal injuries. Accordingly, it should be included in petitioner's income under section 61(a) as an accession to her wealth, rather than excluded as compensation which makes her personal injuries whole.") (Whalen, J., dissenting).

## Application of Law

■ This Court's analysis of applicable law leads to the conclusion that, under the facts of this case, the net punitive damages which the beneficiaries of Ray L. Wesson recovered in the 1982 bad-faith action against MONY were not awarded "on account of personal injuries." Indeed, the action against MONY involved *"no personal injuries"*; it simply involved a breach of insurance contract attributable to the insurer's "gross mistakes and blunders." *See Estate of Ray L. Wesson*, 517 So.2d at 533 (where the Supreme Court noted that the plaintiff suffered no "personal injuries or actual damages, other than the policy limits").

In sum, the beneficiaries cannot seriously contend that they received the punitive-damages award "on account of personal injuries" as required under section 104(a)(2) for purposes of exclusion from taxation. Restated, the award shall be deemed a taxable accession of wealth.[7] *See Miller*, 914 F.2d at 590 ("[T]he Government's interpretation of sec. 104(a)(2) comports better with the section's underlying purpose."); *O'Gilvie*, No. 90–1075–B, 1992 WL 123806, at *4 ("The court is persuaded that the government's view is a more reasonable interpretation of sec. 104(a)(2) and better reflects the statute's underlying purposes.").

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Plaintiff's Motion for Summary Judgment is hereby **DENIED,** and the Defendant's Cross–Motion for Summary Judgment is hereby **GRANTED.**

**IT IS FURTHER ORDERED AND ADJUDGED** that a Judgment shall be entered in accordance with the foregoing Memorandum Order pursuant to Rule 58 of the Feder-

---

7. The Supreme Court's decision in *United States v. Burke*, —— U.S. ——, 112 S.Ct. 1867, 119 L.Ed.2d 34 (1992), upon which the Plaintiff heavily relies, lends no support to the conclusion that punitive damages constitute excludable income. The narrow issue addressed in *Burke* is "whether a payment received in settlement of a backpay claim under Title VII of the Civil Rights Act of 1964 ... is excludable from the recipient's gross income under sec. 104(a)(2) ... as 'damages received ... on account of personal injuries.' " *Id.*, at ——, 112 S.Ct. at 1868. The *Burke* opinion is devoid of any holding, much

less dicta, which may be construed as a clue to the resolution of whether punitive damages awarded in a tort action are received "on account of" personal injuries and are therefore excludable from taxable gross income. *Accord Reese*, 28 Fed.Cl. at 710–11; *see also id.* at 705 ("To the extent punitive damages do not compensate for personal injuries but rather are directed at punishing past conduct and deterring future conduct, punitive damages hardly would seem to be awarded 'for the sake of' personal injuries. Rather, such damages would seem to be awarded 'for the sake of' punishment or deterrence.").

al Rules of Civil Procedure and Rule 9 of the Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi.

**SO ORDERED AND ADJUDGED.**