Ernest and Mary C. HORTON, Petitioners–Appellees,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellant.

No. 93–1928.

United States Court of Appeals, Sixth Circuit.

Argued June 14, 1994.

Decided Aug. 29, 1994.

Thomas J. Utaski (briefed), Cincinnati, OH, Ljubomir Nacev (argued and briefed), Ft. Thomas, KY, for petitioners-appellees.

David L. Jordan, I.R.S., Office of Chief Counsel, Michael L. Paup, Kenneth L. Greene, Edward T. Perelmuter (argued), Gary R. Allen, Acting Chief (briefed), U.S. Dept. of Justice, Appellate Section Tax Div., Washington, DC, for respondent-appellant.

Before: KENNEDY and SILER, Circuit Judges; and BROWN, Senior Circuit Judge.

BAILEY BROWN, Senior Circuit Judge, delivered the opinion of the court, in which SILER, Circuit Judge, joined. KENNEDY, Circuit Judge (pp. 632–33), delivered a separate dissenting opinion.

BAILEY BROWN, Senior Circuit Judge.

Appellant Commissioner of Internal Revenue ("the Commissioner") appeals from a Tax Court decision in favor of Appellees Ernest and Mary C. Horton ("the Hortons" or "the Taxpayers") which held that the Hortons were entitled to exclude from their gross income punitive damages received in 1985 under pre-revision section 104(a)(2) of the Internal Revenue Code.[1] We conclude

---

1. "[G]ross income does not include ... the amount of any damages received ... on account of personal injuries or sickness." 26 U.S.C. § 104(a)(2). The amendment to the code and the significance thereof is discussed *infra*.

that the Tax Court did not err and therefore affirm.

## I.

The Tax Court summarized the facts of the case, to which the parties stipulated, as follows:

> Petitioners resided in Florence, Kentucky, when they filed their petition in this case.

> On December 1, 1981, a Boone County [Kentucky] circuit court jury found Union Light, Heat and Power Co. (Union) liable for failing to detect a gas leak in petitioners' residence. This leak resulted in an explosion and resulting fire that destroyed petitioners' residence causing them personal injury.

> The jury found that petitioner Ernest Horton was entitled to compensatory damages in the amount of $62,265 and also awarded punitive damages in the amount of $100,000. The jury found that petitioner Mary C. Horton was entitled to compensatory damages in the amount of $41,287 and also awarded punitive damages in the amount of $400,000. The punitive damages awards were based on a finding of gross negligence on the part of Union.

> Upon entry of the judgment, Union paid the compensatory damages and appealed the issue of punitive damages to the Kentucky Court of Appeals, which reversed the circuit court on that issue. Petitioners appealed the reversal to the Kentucky Supreme Court. On April 11, 1985, that court reversed the court of appeals and reinstated the punitive damage awards. See *Horton v. Union Light, Heat & Power Co.*, 690 S.W.2d 382 (Ky.1985). During 1985, Union paid $100,000 in punitive damages to petitioner Ernest Horton, and $400,000 in punitive damages to petitioner Mary C. Horton.

> Petitioners excluded the punitive damage amounts from income on their 1985 Federal income tax return. Respondent determined that petitioners should have included these amounts in income, and therefore determined a deficiency. Petitioners timely filed a petition with this Court seeking a redetermination of that deficiency.

*Horton v. Commissioner*, 100 T.C. 93, 93–94, 1993 WL 28557 (1993).

The Tax Court, with sixteen judges concurring and three dissenting, held that the Hortons had properly excluded the punitive damages awards from their 1985 gross income, stating:

> [P]unitive damages received as a result of a personal injury claim are excludable under section 104(a)(2). The beginning and end of the inquiry should be whether the damages were paid on account of "personal injuries." This inquiry is answered by determining the nature of the underlying claim. Once the nature of the underlying claim is established as one for personal injury, any damages received on account of that claim, including punitive damages, are excludable.

*Id.* at 96 (footnote omitted).

## II.

We address only one issue in this case: whether the Tax Court erred in holding that punitive damages received by taxpayers in state court litigation, where the taxpayers also received compensatory damages for personal injuries, are excludable from gross income under pre-revision Internal Revenue Code section 104(a)(2) as "damages received ... on account of personal injuries." [2]

## III.

The Commissioner first argues that the punitive damages were not excludable because they were not awarded "on account of" the taxpayers' personal injuries within the meaning of section 104(a)(2), but instead were received "on account of" the utility's gross negligence; punitive damages are recoverable in Kentucky only if defendant's conduct is grossly negligent. Second, the Commissioner asserts that including punitive damages in gross income comports with the underlying purpose of the statute, which is to

---

**2.** The Commissioner does not contend that a portion of the Hortons' punitive damages recovery was "on account of" property damage rather than to personal injury, so, like the Tax Court, we do not address that question. *See Horton*, 100 T.C. at 95 n. 3. Nevertheless, the dissent, at pages 632–33, appears to, in part, rely on this contention.

exclude those damages which make a taxpayer "whole" from a loss of personal rights, but to include mere accessions to wealth. The Commissioner notes that the other subsections of section 104 exclude only payments that compensate for injury or sickness. Third, the Commissioner urges us to follow the Federal Circuit's decision in *Reese v. United States,* 24 F.3d 228 (Fed. Cir.1994), *aff'g* 28 Fed.Cl. 702 (1993), the Fourth Circuit's opinion in *Commissioner v. Miller,* 914 F.2d 586 (4th Cir.1990), *rev'g* 93 T.C. 330, 1989 WL 104238 (1989), and the Ninth Circuit's opinion in *Hawkins v. United States,* 30 F.3d 1077 (9th Cir.1994) (2–1 decision),[3] discussed *infra,* each of which holds that punitive damages are includable in gross income. Fourth, the Commissioner contends that the Supreme Court's decision in *United States v. Burke,* —— U.S. ——, 112 S.Ct. 1867, 119 L.Ed.2d 34 (1992), *infra,* is distinguishable as it did not focus on punitive damages, and did not interpret the phrase "on account of" in the statute. Fifth, the Commissioner suggests that punitive damages in Kentucky, and in general, serve no compensatory purpose, but rather are accessions to wealth.

Citing the opinion of the Supreme Court of Kentucky in this very matter, the Taxpayers respond that under Kentucky law, punitive damages in part serve a compensatory function, and therefore, if serving such function were necessary to exclusion from gross income, such damages are excludable as damages received on account of personal injuries. Even if the damages are considered noncompensatory, according to the Taxpayers, they should still be excluded under a literal reading of the statute, particularly in the light of *Burke,* as would be any damages received in a tort claim for personal injuries. Finally, the Taxpayers cite the 1989 amendment of the statute,[4] which they contend, by expressly providing that punitive damages are to be included in gross income when recovered in a case "not involving physical injury," strongly implies that punitive damages recovered in a personal injury case *have been* and continue to be excludable.

## IV.

■ We review the Tax Court's conclusions of law *de novo,* and the Tax Court's findings of fact for clear error. *North American Rayon Corp. v. Commissioner,* 12 F.3d 583, 586 (6th Cir.1993). The parties have stipulated to all of the facts in this case, and thus we proceed to address the legal issue, one of first impression in this circuit. We proceed knowing that "[a] consensus on this issue within the federal judiciary is nonexistent." *Estate of Wesson v. United States,* 843 F.Supp. 1119, 1121 (S.D. Miss.1994).[5]

Taxpayers must generally include in their gross income "all income from whatever source derived." 26 U.S.C. § 61(a). Exclusions from gross income are generally construed narrowly. *United States v. Centennial Sav. Bank · FSB,* 499 U.S. 573, 583, 111 S.Ct. 1512, 1518–19, 113 L.Ed.2d 608 (1991); *Weingarden v. Commissioner,* 825 F.2d 1027, 1029 (6th Cir.1987). However, section 104, entitled "Compensation for injuries or sickness," excludes from gross income "the amount of any damages received ... on account of personal injuries or sickness[.]" 26 U.S.C. § 104(a)(2). The burden is on the taxpayer to show that an exclusion applies under the Internal Revenue Code. *Burke v.*

---

**3.** The Ninth Circuit decided *Hawkins* after oral argument in the case at hand.

**4.** Section 104 was amended in 1989 by the addition of a sentence: "Paragraph (2) shall not apply to any punitive damages in connection with a case not involving physical injury or physical sickness." Thus, "Congress amended § 104(a) to allow the exclusion of *punitive* damages only in cases involving 'physical injury or physical sickness.'" *Burke,* —— U.S. at —— n. 6, 112 S.Ct. at 1871 n. 6. The amended statue does not apply here since the underlying lawsuit was filed, and the damages were received by the

Hortons, before July 10, 1989. *See* 26 U.S.C. § 104 (Historical and Statutory Notes).

**5.** Judge Trott of the Ninth Circuit has commented:

Congress should straighten out this mess, but until they do, we must do our best to apply the statute as it is written and as we believe Congress intended. We cannot contradict the statute's plain language in an effort to impose order in the sometimes-chaotic world of the tax code.

*Hawkins,* 30 F.3d at 1087–88 (Trott, J., dissenting).

*United States,* 929 F.2d 1119, 1121 (6th Cir. 1991), *rev'd on other grounds,* —— U.S. ——, 112 S.Ct. 1867, 119 L.Ed.2d 34 (1992).

■ Three circuits have addressed the issue at hand, two very recently. The Federal Circuit has held that "punitive damages received in settlement of civil litigation are not excludable from a taxpayer's 'gross income'" under pre-revision section 104(a)(2). *Reese,* 24 F.3d at 229. The court first noted that the language "on account of" in section 104(a)(2) is ambiguous, mandating an examination of the design, object, and policy of the whole statute. *Id.* at 230–31. Entitled "Compensation for injuries or sickness," section 104's other subsections—which exclude workers' compensation payments, accident or health insurance payments, certain pension or annuity payments, and certain disability payments—"encompass only the replacement of losses resulting from injury or sickness," according to the court. *Id.* at 231. The court next cited as support the principle that "all realized accessions to wealth are presumed to be taxable income, unless a taxpayer can demonstrate that an acquisition is specifically exempted." *Id.* In addition, the Federal Circuit panel found that the legislative history of section 104 supported its holding that punitive damages are not excludable from gross income. *Id.* at 232–33. The panel also believed that the Supreme Court's opinion in *Burke,* upon which we rely in part, was not "even relevant" because it did not involve punitive damages. *Id.* at 234.

The Fourth Circuit has determined "that punitive damages [received as settlement proceeds] in a Maryland defamation action do not fall within § 104(a)(2), and they are, therefore, included in [the taxpayer's] gross income." *Miller,* 914 F.2d at 590. Examining Maryland law, the court agreed that a defamation action is one for personal injuries, but that punitive damages do not serve to compensate the plaintiff, but rather serve as a punishment and a deterrent, and are a windfall. *Id.* at 589. The Fourth Circuit panel next found that the language "on account of" in section 104(a) is ambiguous, and that therefore the principle of tax law that "exclusions to income are to be construed narrowly" applied. *Id.* at 590. The court further opined that the purpose of section 104 was to cover damages which make a plaintiff whole, but that punitive damages go beyond making a plaintiff whole. *Id.* at 590–591. The Fourth Circuit thus emphasized that punitive damages "serve *no* compensatory purpose." *Id.* at 591. The holding focused on state law: "our examination of Maryland law has indicated that punitive damages in a Maryland defamation action are purely punitive and do not compensate." *Id.*

Very recently the Ninth Circuit also held that "the [section 104(a)(2)] exemption does not apply to punitive damages which bear no relationship to actual [personal] injuries, do not even purport to compensate the victim for actual losses, and cannot rationally be characterized as anything but a windfall." *Hawkins,* 30 F.3d at 1085.[6] The Ninth Circuit panel, with one judge dissenting, basically followed the reasoning of the Federal and Fourth Circuits in *Reese* and *Miller.*[7] The court added that the 1989 amendment to section 104(a)(2) did not support the argu-

---

6. The Ninth Circuit had previously held that a punitive damages award under a California defamation statute was excludable from gross income under section 104(a)(2). *Roemer v. Commissioner,* 716 F.2d 693, 700 (9th Cir.1983). The *Roemer* panel based its position on a revenue ruling in which "the Commissioner liberally interpret[ed] § 104(a)(2) to exclude punitive damages as well as all compensatory damages where there has been a personal injury." *Id.* at 700. Since the Commissioner reversed this position in a subsequent revenue ruling, Rev. Rul. 84–108, 1984–2 C.B. 32, the Ninth Circuit determined in *Hawkins* that *Roemer* is no longer "controlling authority." *Hawkins,* 30 F.3d at 1081.

7. *See also Estate of Wesson v. United States,* 843 F.Supp. 1119 (S.D. Miss.1994) (holding that pu-

nitive damages recovered by beneficiaries in bad faith action under Mississippi law involving breach of a life insurance contract were not recovered "on account of personal injuries" under § 104 and were thus taxable); *Rice v. United States,* 834 F.Supp. 1241 (E.D. Cal.1993) (holding punitive damage settlement of underlying ADEA claim was not excludable under § 104(a)(2)); *Kemp v. Commissioner,* 771 F.Supp. 357 (N.D. Ga.1991) (following *Miller* (decided before *Burke* ) and holding that taxpayer's punitive damages received in settlement of a § 1983 action served no compensatory purpose and therefore were not excludable from gross income under § 104(a)(2)).

ment that punitive damages in a personal injury case were excludable before the amendment. *Id.* 30 F.3d at 1081–82. Thus, the court rejected the taxpayers' argument that "Congress' decision to amend the exclusion to exempt punitive damages received in non-personal injury cases implies that, under the previous version of § 104(a), such punitive damages were excludable—otherwise Congress would not have amended the statute." *Id.* The court reasoned that "an amendment to a statute does not necessarily indicate that the unamended statute meant the opposite," since Congress may amend a statute for various reasons, e.g. to overrule incorrect cases, to correct a misinterpretation of the law, or to clarify the law. *Id.*

Before being reversed by the Fourth Circuit in *Miller*, the Tax Court had reached the opposite result: "Because the nature of a taxpayer's claim determines whether damages are excluded under section 104(a)(2), petitioner's recovery is thus excluded from gross income." *Miller v. Commissioner*, 93 T.C. 330, 335, 1989 WL 104238 (1989), *rev'd*, 914 F.2d 586 (4th Cir.1990). Interpreting section 104(a)(2), the Tax Court reasoned that "the plain meaning of the broad statutory language simply does not permit a distinction between punitive and compensatory damages.... Thus, we read 'any damages' to mean 'all' damages, including punitive damages." *Id.* at 338. Further, "punitive damages are received 'on account of' personal injury." *Id.* at 340. Addressing the nature of punitive damages, the court commented:

> Punitive damages have served as a means of compensating plaintiffs for intangible harm and for costs and attorneys' fees. Although they may serve these purposes to a lesser extent now than in the past, the fact that punitive damages may possess a compensatory aspect renders it reasonable to afford them the protection of section 104(a)(2).

*Id.* at 341 (citations omitted).

The Supreme Court has recently examined section 104(a)(2) in a different context, reversing a decision of this court and holding that "the backpay awards received by respondents in settlement of their Title VII claims are not excludable from gross income as 'damages received ... on account of personal injuries' under § 104(a)(2)." *United States v. Burke*, — U.S. —, —, 112 S.Ct. 1867, 1874, 119 L.Ed.2d 34 (1992), *rev'g* 929 F.2d 1119 (6th Cir.1991). Although the Court's specific holding is not applicable for our purposes, its method of assessing whether a claim is excludable under section 104(a)(2) is instructive:

> Neither the text nor the legislative history of § 104(a)(2) offers any explanation of the term "personal injuries." Since 1960, however, IRS regulations formally have linked identification of a personal injury for purposes of § 104(a)(2) to traditional tort principles: "The term 'damages received (whether by suit or agreement)' means an amount received ... through prosecution of a legal suit or action based upon tort or tort type rights, or through a settlement agreement entered into in lieu of such prosecution." 25 Fed.Reg. 11490 (1960); 26 CFR § 1.104–1(c) (1991).

> . . . .

> [O]ne of the hallmarks of traditional tort liability is the availability of a broad range of damages to compensate the plaintiff "fairly for injuries caused by the violation of his legal rights." Although these damages often are described in compensatory terms ... in many cases they are larger than the amount necessary to reimburse actual monetary loss sustained or even anticipated by the plaintiff, and thus redress intangible elements of injury that are "deemed important, even though not pecuniary in [their] immediate consequence[s]."

> . . . .

> We thus agree with the Court of Appeals' analysis [in *Burke*, 929 F.2d 1119] insofar as it focused, for purposes of § 104(a)(2), on the nature of the claim underlying respondents' damages award.... In order to come within the § 104(a)(2) income exclusion, respondents therefore must show that Title VII, the legal basis for their recovery of backpay, redresses a tort-like personal injury in accord with the foregoing principles.

*Id.* —— U.S. at ——–——, 112 S.Ct. at 1870–1872 (footnote and citations omitted).[8]

Thus, although reversing the result of a panel of the Sixth Circuit, the Supreme Court approved of our approach to section 104(a)(2) as outlined in our opinion in *Burke:*

> In sum, *Threlkeld* [*v. Commissioner,* 87 T.C. 1294, 1986 WL 22061 (1986), *aff'd,* 848 F.2d 81 (6th Cir.1988) ] and its progeny require that for the purposes of § 104(a)(2), this court determine whether the injury is personal and the claim resulting in damages is tort-like in nature. If the answer is in the affirmative, then that is "the beginning and [the] end of the inquiry." *Threlkeld,* 87 T.C. at 1299. The damages resulting from such a claim are fully excludable under § 104(a)(2). At no point do we inquire into the nature of the damages involved. Rather the narrow scope of our gaze is properly limited to the "origin and character of the claim, ... and not to the consequences that result from the injury." *Threlkeld,* 87 T.C. at 1299.

*Burke,* 929 F.2d 1119, 1123, *rev'd on other grounds,* —— U.S. ——, 112 S.Ct. 1867, 119 L.Ed.2d 34.

In the case at hand, the Tax Court rejected the Fourth Circuit's holding in *Miller:* "After careful consideration of the views of the Fourth Circuit, we reaffirm our holding in *Miller* [93 T.C. 330] that punitive damages received as a result of a personal injury claim are excludable under section 104(a)(2)." *Horton,* 100 T.C. at 96. The Tax Court therein also noted that the Supreme Court's opinion in *Burke* and the Sixth Circuit's approach in that case with respect to section 104(a)(2), both focusing upon whether the injury and claim are tort-like and personal, supported its analysis. *Id.*

Regarding punitive damages, the Tax Court in *Horton* noted:

> The Supreme Court's analysis [in *Burke* ] establishes that punitive damages are not merely an incidental result of a personal injury claim as suggested by the Fourth Circuit. Rather, they are "inextricably bound up" with the concept of tort type rights, ... and therefore one of the prime determinants of whether a claim is for personal injury. As one of the hallmarks of traditional tort claims, it is logical to conclude that punitive damages are received "on account of" such claims.

100 T.C. at 99. The Tax Court further noted that the Fourth Circuit test for excludability—dividing damages with a retributive function from those with a compensatory function—would be difficult to apply. *Id.* Indeed, "[i]t appears that in Kentucky, punitive damages serve both to compensate the injured party and punish the wrongdoer." *Id.* at 100.

**V.**

◼◼◼ Having reviewed this case law, we affirm the Tax Court's holding that the Taxpayers' punitive damages awards are excludable from gross income.[9] We follow the directive of the Supreme Court and the Sixth

---

8. *See also O'Gilvie v. United States,* 1992 WL 223847 (D. Kan., Aug. 26, 1992) (unpublished), *rev'g* 1992 WL 123806 (D. Kan. May 26, 1992) (unpublished). Finding punitive damages excludable in light of *Burke,* the court noted:

> In our previous order, this court focused on the nature of the punitive damage award itself, rather than the nature of the underlying claim. In light of *Burke,* we believe our focus was misplaced. The Supreme Court's opinion makes clear that the proper inquiry for purposes of § 104(a)(2) is on the nature of the claim underlying the taxpayer's damage award.... As we recognized in our previous order, the underlying suit giving rise to O'Gilvie's recovery of punitive damages is indisputedly tort-like in nature.... Accordingly, the court believes its previous order is contrary to *Burke* and must be reversed.

1992 WL 223847 at *1. Similarly, in *Miller,* the Fourth Circuit "focused on the nature of the punitive damage award itself, rather than the nature of the underlying claim." *Id.* In light of *Burke,* then, *Miller* may no longer be good law in the Fourth Circuit. The Federal Circuit's opinion in *Reese,* and the Ninth Circuit's opinion in *Hawkins,* of course, postdate *Burke* and conclude that *Burke* can be distinguished. *See Reese,* 24 F.3d at 234; *Hawkins,* 30 F.3d at 1080–81.

9. We therefore disagree with the Ninth Circuit's opinion in *Hawkins,* the Federal Circuit's opinion in *Reese,* and the Fourth Circuit's opinion in *Miller.* We agree with the cogent reasoning of Judge Trott's dissenting opinion in *Hawkins. See* 30 F.3d at 1083–88.

Circuit, and the reasoning of the Tax Court [10] that, to determine whether an award is excludable under section 104(a)(2), we should focus "on the nature of the claim underlying [the taxpayer's] damages award." *Burke,* —— U.S. at ——, 112 S.Ct. at 1872. This is "[t]he beginning and end of the inquiry." *Horton,* 100 T.C. at 96. Here, the underlying claim is one for a personal, physical injury; therefore, the taxpayers' entire recovery is excludable. The Hortons' damages—both compensatory and punitive— were received "on account of" their personal injuries from the explosion. We find that "the plain meaning of the broad statutory language [of section 104(a)(2) ] simply does not permit a distinction between punitive and compensatory damages." *See Miller,* 93 T.C. at 338, *rev'd,* 914 F.2d 586.[11]

Moreover, our holding is consistent with revised section 104(a)(2), *supra* note 3, which in effect allows punitive damages awarded in personal injury cases to be excluded from gross income. *See Burke,* —— U.S. at —— n. 6, 112 S.Ct. at 1871 n. 6 ("Congress amended § 104(a) to allow the exclusion of *punitive* damages only in cases involving 'physical injury or physical sickness.' ") [12] Our result also appears to be consistent with 26 C.F.R. § 1.104–1(c), which defines "damages" in section 104 as "an amount received ... through prosecution of a legal suit or action based upon tort or tort type rights." The Hortons' punitive damages award was an amount received through a tort action.

Further, the Supreme Court of Kentucky stated in the Hortons' appeal there that punitive damages in Kentucky in part served a compensatory function. The Supreme Court of Kentucky opined:

> There is a reason for paying the punitive damages awarded to the injured party. It is because "the *injury* has been *increased* by the *manner* [in which] it was inflicted." ... In *Louisville & N.R. Co. v. Roth,* 130 Ky. 759, 114 S.W. 264, 266 (1908), we explained that although "punitive damages are awarded as a civil punishment upon the wrongdoer, rather than as an indemnity to the injured party ... it might with much propriety be said that they are allowed by way of remuneration for the aggravated wrong done." Thus there are sound legal reasons of longstanding supporting *both* the award of punitive damages *and* their payment to the injured party in addition to compensatory damages.

*Horton v. Union Light, Heat & Power Co.,* 690 S.W.2d 382, 390 (Ky.1985).[13] Therefore,

---

**10.** Although we owe no particular deference to the Tax Court on a question of law such as this, we find it noteworthy that *sixteen* out of nineteen judges on that court agreed that the Hortons' punitive damages award should be excludable. *Horton,* 100 T.C. 93.

**11.** The Commissioner contends that the punitive damages in this case were received "on account of" the defendant's gross negligence, rather than "on account of" the Taxpayers' personal injuries. This is so, the Commissioner argues, because to recover punitive damages, in addition to proving personal injury, the plaintiff also has to prove gross negligence. The Fourth Circuit in *Miller,* 914 F.2d at 589–590, makes the same point in support of its conclusion that section 104(a)(2) is ambiguous as to the question whether punitive damages are recovered "on account of" personal injuries. However, precisely the same argument could be made that the compensatory damages that the Taxpayers recovered were not awarded "on account of" personal injuries because, to recover such damages, in addition to proving personal injuries, the Taxpayers also had to prove negligence.

**12.** Revised section 104 utilizes a double negative: "Paragraph (2) shall *not* apply to any punitive damages in connection with a case *not* involving physical injury or physical sickness." (emphasis added). Since punitive damages in a case not involving physical injury or physical sickness are singled out as being includable in gross income, the clear implication of Congress' phraseology is that punitive damages in a case involving physical injury or physical sickness are excludable, and were excludable even before the amendment. *Accord Hawkins,* 30 F.3d at 1086–87 (Trott, J., dissenting) (noting that if, as the Ninth Circuit majority opinion suggested, punitive damages were taxable both before and after the 1989 amendment, then the amendment was meaningless since punitive damages were already taxable, unless the amendment broadened the exclusion, which was untenable).

**13.** The Commissioner, however, cites other Kentucky cases which suggest that punitive damages do not serve a compensatory purpose in Kentucky. Further, Kentucky statutes suggest that after July 15, 1988, punitive damages in the state are not compensatory. Ky.Rev.Stat.Ann. § 411.-184 (" 'Punitive damages' includes exemplary damages and means damages, other than compensatory and nominal damages, awarded

this case is distinguishable both from *Miller*, in which the Fourth Circuit noted that under Maryland defamation law, punitive damages served no compensatory purpose, and from *Hawkins*, in which the Arizona taxpayers "concede[d] that the punitive damage award bears no relationship to their injuries and represents pure gain." 30 F.3d at 1080.

Finally, we are not persuaded by the Commissioner's argument that including punitive damages in gross income accords with the underlying purpose of section 104, which is to exclude damages which make a taxpayer "whole" from a loss of personal rights, but to include mere accessions to wealth. We think that this distinction is a false dichotomy. For example, a plaintiff in a personal injury suit who is permanently maimed is really not "made whole" by compensatory money damages. That money damages make the injured person whole is merely a legal fiction. Those money damages do not make the physical injury disappear; the money is therefore arguably an "accession to wealth." There is really no bright-line distinction, then, as the Commissioner contends, between damages which make plaintiffs whole and damages which are accessions to wealth.[14]

## VI.

We AFFIRM the Tax Court's determination that the Taxpayers' punitive damages recovery is excludable under section 104(a)(2).

KENNEDY, Circuit Judge, dissenting.

The arguments for and against excluding punitive damages from taxable income in a personal injury case are fairly set forth in Judge Brown's opinion and the opinions of the Ninth, Federal and Third Circuits in *Hawkins v. United States*, 30 F.3d 1077 (9th Cir. 1994); *Reese v. United States*, 24 F.3d 228 (Fed. Cir.1994), *aff'g* 28 Fed.Cl. 702 (1993); and *Commissioner v. Miller*, 914 F.2d 586 (4th Cir.1990), *rev'g* 93 T.C. 330 (1989). I find the reasons for not excluding such damages from taxation more persuasive for essentially the same reasons Judge Goodwin did in reaching that conclusion for the Ninth Circuit in *Hawkins*. Accordingly, I dissent. I do not think that Kentucky's explanation of why the concept of punitive damages should not be discarded makes punitive damages in Kentucky somehow different from other states. The primary purpose of punitive damages is to punish the defendant and thus deter such conduct. That there is a feeling of injury because of the egregious conduct, beyond the effects of the conduct, that is, beyond the personal injuries, does not mean that the physical injuries are any greater. In the case of injuries resulting in death, the result is death whether the conduct is merely negligent or willful. I believe the additional injury referred to is a societal injury. I note that approximately half of Mr. Horton's and a third of Mrs. Horton's compensatory damages were for the loss of their home and its contents. There is no indication that the punitive damage award was solely related to their physical injuries. There is a feeling of greater injury in having your home blown up because of egregious conduct than if it were due to mere negligence. The injury referred to by the Ken-

against a person to punish and to discourage him and others from similar conduct in the future."); *id.* § 411.186 ("Assessment of punitive damages"). These statutes, of course, were not applicable to the *Horton* case in 1985. In any event, the decision of the Kentucky Supreme Court in this case would *certainly* be the law of this case with regard to the nature of the punitive damages awarded.

14. In his dissenting opinion in *Hawkins*, Judge Trott also criticized the return of capital theory as an explanation for the section 104(a)(2) exclusion:

> compensatory damages, like punitive damages, can represent a windfall in addition to a return of capital. Furthermore, it's impossible to ex-

plain, based on the return of capital theory, why punitive damages in physical injury cases after 1989 are not taxable.

> The return of capital theory is closely related to the concept of basis in tax law. If I buy a property for $100 and sell it for $150, my $50 gain is taxable. My $100 basis, or return of capital, is not. But what is a person's basis in his or her own body? Should we keep track of how much money is spent on improving the human body to calculate each person's basis? Obviously, this would be impractical, but how else can we separate return of capital from windfall?

30 F.3d at 1087 (Trott, J., dissenting) (citation omitted).

tucky Supreme Court is, I believe, this sense of outrage. Although it could be characterized as a personal injury, it is not the injury Congress intended to be excludable when it spoke of personal injury or illness.[1]

---

1. As the majority notes, the IRS made no argument that any portion of the punitive damages was attributable to property damage. The dissenting tax court judge agreed with the majority that the tax court should not raise the alternative argument for allocation of punitive damages *sua sponte* and the majority expressed no view on the point. I am not suggesting an allocation. Rather, I suggest there is no difference for the increased injury which Kentucky uses as a justification for punitive damages whether the plaintiff suffers physical injury or property damage.