**In re Jorge VALENCIA and Michelle Valencia, Debtors.**

**No. 13–01–12610–SS.**

United States Bankruptcy Court, D. New Mexico.

March 22, 2002.

---

**11.** We also DENY the Motion to Waive Oral Argument filed November 15, 2001.

Michael K. Daniels, Duncan Scott, Albuquerque, NM, Donald F. Harris, Santa Fe, NM, Andrew L. Sobotka, Dallas, TX, Rachael J. Zepeda, Special Assistant U.S. Attorney, Phoenix, AZ, for creditor.

Katherine Cook Fishman, Santa Fe, NM, for debtors.

### MEMORANDUM OPINION ON DEBTORS' OBJECTION TO THE PROOF OF CLAIM FILED BY THE INTERNAL REVENUE SERVICE

JAMES S. STARZYNSKI, Bankruptcy Judge.

This matter is before the Court on cross-motions for summary judgment filed by the Debtors, through their attorney Modrall, Sperling, Roehl, Harris & Sisk, P.A. (Katharine Cook Fishman) and by the Internal Revenue Service, through its attorney Andrew L. Sobotka. This is a core proceeding. 28 U.S.C. § 157(b)(2)(B). The parties submitted stipulated facts and exhibits. (Docket # 34).

*FACTS*

On December 12, 1992 a jury awarded Debtor Valencia $304,167 in compensatory damages and $1,000,000 in punitive damages. (Fact 8). The District Judge ordered the payment of pre-judgment interest on the compensatory damages awarded against defendant Parker & Parsley Petroleum Company, Inc. at the rate of six percent from March 12, 1991 through December 21, 1992 and against defendant Evergreen Resources, Inc. at the rate of six percent from June 27, 1991. (Fact 9). Debtor's share of the pre-judgment interest was $31,693.52. Defendants appealed and the judgment was upheld. (Facts 12, 13). The parties then settled.

Exhibit G is the Settlement Agreement and Release executed by Plaintiffs (Debtor Valencia and David Cupps and Jeffrey Hinger), Defendants and the Defendants' Insurers. The parties stipulate that this Settlement was effective on September 13,

1995, the date of the last signature. (Fact 22) Recital A provides the caption of the lawsuit being settled. Recital B provides, in part:

> The settlement amount stated herein is payable without costs or interest and is being tendered to foreclose the potential for any further litigation arising from or related to the Complaint and/or the Occurrence (defined below).

Recital D states:

> All sums set forth herein are in settlement of the Complaint, which alleged, *inter alia*, damages which arise out of personal injuries or sickness arising from the Occurrence.

In consideration of the release, the Insurers paid $10,075,000 in cash (¶ 2A) and agreed to make periodic payments to Cupps, Hinger, and two attorneys (¶ 2B). Debtor would be paid in full with cash and would not receive periodic payments. Paragraph 2C provides:

> To the best knowledge of the Parties, the Periodic Payments specified in this agreement constitute damages on account of physical injury or sickness within the meaning of Internal Revenue Code Section 104(a)(2) [1].

The parties stipulate that the total amount received by the Plaintiffs from the Defendants pursuant to the settlement was $17,355,000. (Fact 17). Had a mandate been entered on the amount originally awarded, the plaintiffs would have been entitled to $17,989,180 in damages, costs, and interest. (Fact 18).

*The Statute*

Internal Revenue Code § 104(a), in 1988, read as follows:

> (a) In general.—Except in the case of amounts attributable to (and not in excess of) deductions allowed under section 213 (relating to medical, etc., expenses) for any prior taxable year, gross income does not include—
>
> . . .
>
> (2) the amount of any damages received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal injuries or sickness.

In 1989, § 104(a) was amended, adding, among other things, the following:

> Paragraph (2) shall not apply to any punitive damages in connection with a case not involving physical injury or physical sickness.

### DEBTOR'S ARGUMENT

In their motion for summary judgment, Debtors argue that 1) the express allocation contained in the 1995 settlement agreement must be respected because there is an express allocation in the agreement, which was negotiated by parties with adversarial interests at arms length and in good faith, and because the intent of the insurer was to have all damages paid qualify as section 104(a)(2) damages in order to make a qualified assignment of their liabilities pursuant to Section 130 of the IRC; and 2) the proceeds are excludable from income pursuant to section 104(a)(2) because the underlying cause of action was based on tort and the damages were re-

---

**1.** Debtor argues that the defendants and/or their insurance companies drafted the settlement, and this provision demonstrates their intent that the entire settlement be construed as personal injuries. Debtor also points out that it would be to the defendants' and insurance companies' tax benefit to have the entire amount considered personal injuries. For that reason, the Court places little weight on this self-serving provision; one would expect the settlement to be drafted this way by the insurer. In any event, the deferred payment provisions do not pertain to the Debtor.

ceived on account of physical injuries; the 1989 amendment to section 104 makes it clear that the proceeds are excludable; and substantial legal authority existed in 1995 to exclude the proceeds.

*IRS ARGUMENTS*

IRS disputes Debtors' arguments. First, IRS claims that the 1995 Settlement Agreement makes no allocation of the lump sum that was paid to Debtor; therefore, it argues, the allocation made by the jury must control. Second, IRS claims that punitive damages and interest are taxable; courts have rejected arguments to the contrary because punitive damages are not received "on account of personal injury" as required by the statute, but are awarded to punish and deter defendant's conduct.

*Punitive Damages*

■■■ Under New Mexico law, punitive damages are awarded to punish a wrongdoer and to serve as a deterrent. *Walta v. Gallegos Law Firm, P.C.*, 2002–NMCA–015, 131 N.M. 544, 40 P.3d 449, 461 (2001) *cert. denied* No. 27,281, 131 N.M. 619, 41 P.3d 345 (2002); *Madrid v. Marquez*, 131 N.M. 132, 33 P.3d 683, 685 (Ct.App.2001). Punitive damages do not measure a loss suffered by the plaintiff. *Madrid*, 131 N.M. at 134, 33 P.3d at 685. *See also Gonzales v. Sansoy*, 103 N.M. 127, 129, 703 P.2d 904, 906 (Ct.App.1984) (Punitive damages may not be assessed to compensate for a loss by plaintiff.)

*Supreme Court Cases*

In *United States v. Burke*, 504 U.S. 229, 237, 112 S.Ct. 1867, 119 L.Ed.2d 34 (1992), the Supreme Court ruled that to come within the § 104(a)(2) income exclusion, a plaintiff must show that his or her claim is a tort-like personal injury. Because the Court found that Title VII, the statute at issue (dealing with back pay awards arising from unlawful discrimination based on sex), did not redress tort-like personal injuries, *id.* at 241, 112 S.Ct. 1867, it did not need to, nor did it, address the question of whether the damages in that case were "on account of" personal injuries. In the case before this Court there is no question that Debtor suffered a tort-like personal injury; the issue is whether the punitive damages (if any) fit within the exception as well.

*Commissioner v. Schleier*, 515 U.S. 323, 336–37, 115 S.Ct. 2159, 132 L.Ed.2d 294 (1995), decided June 14, 1995, expanded on *Burke*, ruling:

> In sum, the plain language of § 104(a)(2), the text of the applicable regulation, and our decision in *Burke* establish two independent requirements that a taxpayer must meet before a recovery may be excluded under § 104(a)(2). First, the taxpayer must demonstrate that the underlying cause of action giving rise to the recovery is "based upon tort or tort type rights"; and second, the taxpayer must show that the damages were received "on account of personal injuries or sickness."

The *Schleier* Court adopts a stringent "sufficient causation" test [2] that demands a

---

2. "But for causation classifies the damages received as being on account of personal injury when the injury is a prerequisite for the receipt of punitive damages. Thus, but for the personal injury, the plaintiff would not have received the punitive damages award. But for causation provides for the most tenuous connection between the injury and the award. Sufficient causation requires that the plaintiff show that the personal injury award was the sufficient cause of the punitive damage award. Sufficient causation is established when the plaintiff's proof of a compensable injury also supports the damage award." Cohen–Whelan, 71 Notre Dame L.Rev. 915 n. 13 (citing *Commissioner v. Miller*, 914 F.2d 586, 589 (4th Cir.1990)). *Cf. O'Gilvie v. United States*, 519 U.S. at 82, 117 S.Ct. 452, rejecting the petitioners "but for" interpretation of the statute:

"more direct nexus between the personal injury and the damage award." Debra Cohen–Whelan, *From Injury to Income: The Taxation of Punitive Damages "On Account Of" United States v. Schleier,* 71 Notre Dame L.Rev. 913, 915–16 (1996).

The United States Supreme Court also addressed § 104 in *O'Gilvie v. United States,* 519 U.S. 79, 117 S.Ct. 452, 136 L.Ed.2d 454 (1996). Petitioners had received punitive damages and the Court of Appeals for the Tenth Circuit ruled that they were not excluded from income as "damages . . . on account of personal injury or sickness." *Id.* at 82, 117 S.Ct. 452. The Supreme Court agreed with the government's interpretation of § 104, *i.e.,* that punitive damages were not received "on account of" personal injuries, but were awarded "on account of" the defendant's reprehensible conduct and the jury's need to punish and deter it. *Id.* at 83–84, 117 S.Ct. 452. The Court cited its earlier opinion in *Commissioner v. Schleier,* 515 U.S. 323, 115 S.Ct. 2159, 132 L.Ed.2d 294 (1995) which held that income is excludable "not simply because the taxpayer received a tort settlement, but rather because each element . . . satisfies the requirement . . . that the damages were received 'on account of personal injuries or sickness.'" *O'Gilvie,* 519 U.S. at 84, 117 S.Ct. 452 (citing *Schleier,* 515 U.S. at 330, 115 S.Ct. 2159). The *O'Gilvie* petitioners also argued that the 1989 amendment demonstrated an intent by Congress to remove punitive damages in nonphysical injury cases from the exception of § 104 (i.e., petitioners argued that the amendment taxes punitive damages only in cases of nonphysical injury.) They argued that the amendment would not have been neces-

sary unless punitive damages were already excluded from income. *Id.,* at 89, 117 S.Ct. 452. The Supreme Court disagreed, finding that 1) the law was uncertain in 1989 when the amendment was enacted, 2) by passing the amendment Congress only made clear that in cases of nonphysical injury punitive damages were not excluded from income (*i.e.,* Congress did nothing with respect to cases involving physical injury), and 3) Congress simply left the law where it found it in respect to cases of physical injuries. *Id.* at 89–90, 117 S.Ct. 452.

*Discussion*

1. *Allocation of damages*

■ The Court finds that the Settlement Agreement does not allocate Debtors' award. Exhibit G Recital D states that "All sums set forth herein are in settlement of the Complaint, which alleged, inter alia, damages which arise out of personal injuries or sickness arising from the Occurrence." It does not say the settlement is only of the personal injury jury award. In fact, the jury awarded Debtor $304,167 in compensatory damages and $1,000,000 in punitive damages. Stipulated Fact 8. Under the settlement agreement in 1995 Debtor received $1,870,311.58. Stipulated fact 19. It is not credible that the defendants would settle a compensatory damage award for six times the amount awarded by a jury. The Court finds that the settlement was of both the compensatory and punitive damages awarded by the jury.

IRS allocated the settlement among compensatory damages, punitive damages, and interest. Stipulated Fact 29 and Ex-

"On one linguistic interpretation of those words, that of petitioners, they require no more than a 'but-for' connection between 'any' damages and a lawsuit for personal injuries. They would thereby bring virtually all personal injury lawsuit damages within the scope of the provision, since: 'but for the personal injury, there would be no lawsuit, and but for lawsuit, there would be no damages.'"

hibits J and L. The IRS also allowed as a deduction a pro-rated amount of legal fees, costs, and gross receipts taxes. An allocation of a settlement based upon a jury verdict is proper. *Robinson v. Commissioner of Internal Revenue*, 70 F.3d 34, 38 (5th Cir.1995). *See also Rozpad v. Commissioner of Internal Revenue*, 154 F.3d 1, 4–5 (1st Cir.1998).

### 2. *Exclusion of the award*

■ Under *Schleier* Debtors cannot exclude punitive damages under section 104(a)(2) because under New Mexico law they are not "on account of" personal injuries or sickness. Under New Mexico law punitive damages are on account of the defendant's behavior.

The 1989 amendment does not support Debtors' argument that punitive damages are taxable only in nonphysical injury cases. *See* discussion above of *O'Gilvie*.

Debtor's final argument is that the law as it existed in September, 1995 allowed exclusion of the punitive damages. The Court disagrees. *Schleier* was decided on June 14, 1995. Circuit cases finding punitive damages taxable at the time included *Reese v. United States*, 24 F.3d 228 (Fed. Cir.1994); *Commissioner of Internal Revenue v. Miller*, 914 F.2d 586 (4th Cir.1990); *Wesson v. United States*, 48 F.3d 894 (5th Cir. March 30, 1995); *Estate of Moore v. Commissioner of Internal Revenue*, 53 F.3d 712 (5th Cir. June 2, 1995); and *Hawkins v. United States*, 30 F.3d 1077 (9th Cir.1994). The only circuit case to exempt punitive damages was *Horton v. Commissioner of Internal Revenue*, 33 F.3d 625 (6th Cir.1994). And, *Horton* was arguably not good law after the decision in *Schleier*[3]. *See Bagley v. Commissioner of Internal Revenue*, 105 T.C. 396, 417–18, 1995 WL 730447 (1995) *aff'd.* 121 F.3d 393 (8th Cir.1997) (Concluding that *Schleier* effectively overruled *Horton*.) Therefore, contrary to Debtor's argument, the Court finds that the law was predominantly against the Debtor's position in September, 1995.

### Conclusion

The Court finds that Debtor's Motion for Summary Judgment should be denied, and the IRS's Motion for Summary Judgment should be granted. The IRS's determination of Debtor's tax liability should be upheld.

---

**3.** Horton is based on a reading of *Burke* that the Court should focus on the nature of the claim underlying the damage award, and that this focus is "the beginning and end of the inquiry." *Horton*, 33 F.3d at 630–31. The *Schleier* Court ruled "We did not hold that the inquiry into 'tort or tort type rights' constituted the beginning and end of the analysis." 515 U.S. at 336, 115 S.Ct. 2159. The *Burke* inquiry was a "necessary condition" for excludability, but "not a sufficient condition." *Id.* A Court would still need to determine if the amounts were received "on account of personal injuries or sickness." *Id.*